**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

LARRY BARBER

        Plaintiff

_____

Case number

v.

LILLIAN SASFY

        Defendant

Jury requested

and

BOB SALANICK

        Defendant

_____

Larry Barber, Pro Se

1224 Adams Street  #2, Monroe, MI. 48161

(734)833-8158,  lbarber401@yahoo.com

Jeffrey Osment - attorney

Lily Sasfy

23 Washington street

12714 Lakeshore Dr.

Monroe, MI. 48161

LaSalle, MI. 48145

734-242-0808

734-241-2652


Robert Salanick

1308 Barnstable Court.

Naples, Florida 34104

239-595-6035


_____.......................
.......................................................................................................................... ...
.................................................

## COMPLAINT

NOW COMES Plaintiff, Larry Barber, who submits his complaint and

states as follows:

There is no other actions or cases involving the parties in Monroe County


## JURISDICTION


1.  This action is brought by Plaintiff on account of Defendants

discriminatory practices as prohibited by 42 U.S.C. 1981

2.  This action is brought by Plaintiff on account of Defendants

action as prohibated by the National Housing Act

3.  This action is brought by the Plaintiff on account of Defendants

action as prohibited by the Rehabilatation Act of 1973

4.  This action is brought by the Plaintiff on account of Defendants

action as prohibited under Title VIII of the Civil Rights Act of 1968

5.  This action is brought by the Plaintiff on account of Defendants

action as prohibted by the Housing and Development Act of 1974

6.  This action is brought by the Plaintiff on account of Defendants

action as prohibited by the Fair Housing Act

7.  This action is brought by the Plaintiff on account of Defendants

action as prohibited by section 1978 of the revised statutes 42 U.S.C.

1982

8.  This action is brought by the Plaintiff on account of Defendants

action as prohibited by Title VI of the Civil Rights Act of 1964

9.  This action is brought by the Plaintiff on account of Defendants

action as prohibited by Michigan Revised Judicature Act of 1961

10.  This action is brought by the Plaintiff on account of Defendants

action as prohibited by Michigan Handicappers Civil Rights Act

11.  This action is brought by the Plaintiff on account of Defendants

action as prohibited by Warranty of Habitability

12.  This action is brought by the Plaintiff on account of Defendants

action as prohibited by Michigan Consumer Protection Act

13. This action is brought by Tort

14.  This court has jurisdiction under :

a.  28 U.S.C. 1331, 1332, 1343, 1367

b.  Amount in controversy exceeds $75,000.00

c.  Complaint deals with Civil Rights violations

d.  Supplement jurisdiction under 1367 exists as to those claims

that are so related to the federal claims that they form a part of

the same case or controversy

e.  Parties are in different states

**FACTS**

15.    Plaintiff suffers from Marfan Syndrome which consists of vascular

deficiencies and connective tissue deficiences that has resulted in a

weakened heart. Heat and cold temperatures can lead to abnormal

heart rates and stress on his heart

16.    Plaintiff suffers from Raynaud's Disease which affects his

circulation in his hands and feet when the temperature is to cold

or warm.

17.    Plaintiff is visually impaired

18.    Plaintiff is hearing impaired

19.    Plaintiff has mobility issues

20.    Plaintiff signed a lease agreement for an apartment

at 1224 Adams St. Apt. 1, Monroe, MI. 48161

21.  .Plaintiff had a verbal agreement with Defendant for a long

term rental of years

22.  Plaintiff had a written agreement for a long rental terms of

years

23.     At the time plaintiff signed the lease the person that

was the property management was Robert Salanick upon

information and belief

24.     Robert Salanick is the relative of Lillian Sasfy upon

information and belief

25.     Robert Salanick is the trustee for Sasfy trust

26.  Upon information and belief there are 2 dwelling units on

the premises

27.  Upon information and belief Defendant has several rental

properties

28.     The lease provides that the Plaintiffs rent was $560.00 per

month

29.  On or about August 12,2021 Plaintiff filed a case with Michigan

Department of Civil Rights

30.     On or about July 14, 2021, Plaintiff made a reasonable

accommodation request for caretakers  because his health

required immediate attention

31.     On or about July 14, 2021, Plaintiff made a reasonable

accommodation request for a Tub grab bar

32.     On or about May 16, 2021, Plaintiff made a accommdation

request for a ramp or steps to be installed at Plaintiffs expense

33.     On or about December 04 2021, Plaintiff made a reasonable

accommodation request for a strobe type doorbell / buzzer

34.     On or about November 05, 2021, Plaintiff made a reasonable

accommodation request for all letters / items be in large print

35.     On or about May 15, 2021, Plaintiff made a reasonable

accommodation request for strobe type smoke alarms

36.  On or about March 15, 2021 Plaintiff installed freestanding

stairs to help him enter and leave his unit, notattached to the

dwelling

37.  On or about May 15, 2021 Defendant  said he had to remove the

steps

38.  Defendant knew he needed the steps because of disability

39.  Plaintiff has suffered trauma and distress as a result of the continued

denials of Defendant to remedy the conditions of his apartment

and the continual effort required to attempt resolve of the circumstances

40.  Begining on or about May 2021 till present Plaintiff has had little

use of his apartment due to the extremly hard navigation to enter

his unit

41.  Emergancy services services has been called on different occassions

**COUNT ONE : VIOLATIONS OF THE MICHIGAN LOCK-OUT ACT**

42..    Plaintiff incorporates the allegations contained in paragraphs
1 through 41 above

43.    MCL 600.2918 grants a private right of action to any tenant

whose possessory interest has been unlawfully interfered with by the

owner, lessor, licensor or its agents

44.     Plaintiffs possessory interest has been interfered with on several

occasions during his tenancy as a result of the termination or interruption

of essential services, specifically but not limited to lack of tub entry

and use, lack of entry in unit

45.     In addition, Defendant has introduced and permitted conditions

to exist on the premises unabated which amount to nuisances, and as

such violated the protections granted in MCL 600.2918 (2)(g)

46.     As a result of Defendants action , Plaintiff has suffered actual

damages, including extreme inconvenience, mental anxiety, emotional

distress and physical injury

## COUNT TWO: VIOLATION OF THE FAIR HOUSING ACT

## 42 USC 3601 et seq

47.     Plaintiff incorporates the allegations contained in

paragraphs 1 thru 41 above

48.  Mr. Barber is a handicapped person as defined in the FHAA

3602(h)

49.  Mr. Barber's apartmment is a "dwelling" pursuant to FHAA

3602(b)

50.     The FHAA, provides that discrimination includes a refusal to

make reasonable accommodation in rules, policies, practices or

services when such accommodations may be necessary to afford the

person with a disability an equal opportunity to use and enjoy a dwelling

42 U.S.C. 3604 (f)(3)(B)

51.  Given the numerous conversations and letters given to Defendants

knew or should have known that Mr. Barber was a person with a handicap

52.  Defendants failed to engage in a interactive process to determine

a reasonable and necessary accommodation for Mr. Barber

53.  Mr. Barber's requested accommodations were reasonable and

necessary to afford Mr. Barber an equal opportunity to use and enjoy

his housing

54.  The requested accommodations would not have imposed an undue

administrative or financial burden

55. Defendants have directly and or through the actions of their staff,

agents and or assignee, have violated Mr. Barber's rights under

42USC 3604 (f)(3)(B) by denying and or ignoring Mr. Barber's requests

for reasonable accommodations

56.    Defendant have failed to provide repairs amd mainteance to the

dwelling and its common areas that have prevented Plaintiff from having

an equal opportuny to use and enjoy the dwelling

57.    Defendant have refused to make the following reasonable

accommodations in the following ways, including but not limited

to:

a. the failure to provide adequate safeguards to prevent the

deterioration of Plaintiffs health

b. the failure to provide devices or maintain the property that could

compromise an individual with limited mobility

58.  42 USC 3613 allows a court to enjoin a discriminatory action

and award the aggrieved party actual and punitive damages, fees,

costs and reasonable attorney fees

## COUNT THREE: DISCRIMINATION IN VIOLATION OF THE MICHIGAN
## HANDICAPPERS CIVIL RIGHTS ACT

59.     Plaintiff incorporates the allegations contained in paragraphs

1 thru 41

60.  Mr. Barber is a person with a disability as defined in M.C.L.A.

37.1103

61.  Each Defendant is a "person" as defined in M.C.L.A. 37.1103(g)

62.  M.C.L.A. 37.1102(2) provides a person shall accommodate a

person with a disability for purposes of ...housing unless the person

demonstrates that the accommodation would impose an undue hardship

63.  Mr. Barber has requested reasonable accommodations

64.  Defendant's have denied, unreasonably delayed and or ignored

Mr. Barber's requests to be reasonably accommodated

65.  Their failure to accommodate Mr. Barber is unlawful discrimination

under the PWDCRA, M.C.L.A. 37.1102

66.     Under the Michigan Handicappers Civil Rights Act, MCL 37.1101

et seq., Defendant are prohibited from discriminating against Plaintiff

based upon handicap, in the provision of rental to him

67.  M.C.L.A. 37.1606 allows a person to sue to enjoy a discriminatory

action, and to receive actual damages, fees, costs and reasonable attorney

fees as part of the damages

## COUNT FOUR: BREECH OF WARRANTY OF HABITABILITY

68.     Plaintiff incorporates the allegations contained in paragraphs

1 thru 41 above

69.     Defendant have a duty to maintain the premises in reasonable

repair, fit for residential use and in compliance with all state and local

health and safety ordiances or be in violation of MCL 554.139

70.     Defendant have breached these obligations in several respects

including, but not limited to,  the failure to provide for adequate protections

in the event of a fire, failure to maintain the lighting, flooring and security

in the common areas in a manner that establishes a safe enviroment to

the residents, failure to provide adequate plumbing and the failure to

provide adequate heat and cooling

71.     Defendant breach of these obligations excuse rental payments

made by Plaintiff and / or any other party on his behalf during the period

of breach

72..    In addition, Mr. Barber has suffered actual damages as a result of

these breaches for which he is entitled compensation.

73.  Mr. Barber has been constructively evicted as a result from these

breaches whole or in part in which he is entitled to compensation

## COUNT FIVE: ILLEGALITY

74..    Plaintiff incorporates the allegations contained in paragraphs

1 thru 41 above and the allegations contained in paragraphs 64 thru 67

75..    Defendant failure to comply with local laws governing the rental

of residential premises in the City of Detroit, and state law governing

lease provisions and the habitability covenants renders the agreement

between the parties illegal

## COUNT SIX: VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

76.     Plaintiff incorporates the allegations contained in 1 thru 41 above

77.     The rental relationship between Plaintiff and Defendant is subject

to the provisions of the Michigan Consumer Protection Act at MCL 445.902

et seq.

78.     Defendant failure to maintain the premises occupied by the Plaintiff

in compliance with all state and local health and safety codes and attempt

to shift responsibility for compliance with these covenants to Plaintiff in

violation of the Michigan Truth in Renting Act, and other attempts to effect

a waiver of Plaintiff rights under the lease aggrement and to take advantage

of Plaintiff disability, amount to unfair, unconscionable or deceptive acts

in violation of several provisions of the Michigan Consumer Protection Act

MCL 445.903 (1), sections (c),(e),(n),(p),(s),(v),(x),(z),(bb) and (cc)

79.　Plaintiff has suffered losses as a result of these violations of the

act.

### COUNT SEVEN: BREACH OF CONTRACT

80.　Plaintiff incorporates the allegations contained in paragraphs

1 thru 41 above

81.　Plaintiff and Defendant entered into or assumed a valid lease

agreement which has an implied warranty of habitability

82.　Defendant have failed to comply with applicable health and safety

laws as well as maintaining the premises in a unfit condition for the use

intended by the parties

83.     Defendant failure to provide habitable conditions, and allowing unsafe

conditions to exist on the premises, amount to a material breach of the

lease agreement

84.     Plaintiff suffered actual and consequential damages as a result of

Defendant breach

85.  Plaintiff and Defendant entered into or assumed a valid lease

agreement which has a unlimited or extended lease period of 20 years

or longer

**COUNT EIGHT: EXEMPLARY DAMAGES**

86.     Plaintiff incorporates the allegations contained in paragraphs

1 thru 41 above

87.     Defendant actions involved the willful, malicious, reckless and

wanton disregard of Plaintiff rights warranting an award of exemplary damages

## COUNT NINE: INJUNCTIVE RELIEF

88.    Plaintiff incorporates the allegations contained in paragraphs

1 thru 41 above

89.    Pursuant to MCR 4.201 (K)(2)(b), this court may enter a final

award of injunctive relief to prevent the person seeking possession

from suffering the premises to remain untenable

90.    In addition, this Court should grant injunctive reliief ordering

Defendant to repair the premises pursuant to MCL 600.2918

## COUNT TEN:

## INTERFERANCE WITH POSSESORY INTEREST

## PARTIAL CONSTRUCTIVE EVICTION

91.  Plaintiff incorporates the allegations contained in paragraphs

1 thru 41 above

92.  Mr. Barber has given notice

93.  M.C.L.A. 600.2918 grants a private right of action to any tenant

whose possesory interest has been unlawfully interferred with by the

owner, lessor, licensor or its agents

94.  Mr. Barber's possesory interest has been interfered with on

several occassions during his tenancy as a result of the termination or

interruption of essential services

95.  Defendants have introduced and or permitted conditiond to exist

on the premises unabated which amount to nuisances, and as such violate

the protections granted in M.C.L.A. 600.2918 (2)(f)(g)

96.  As a result of Defendant's actions, Mr. Barber has suffered actual

damages, including extreme inconveience, partial constructive eviction,

mental anxiety, emotional distress and physical injury

## COUNT ELEVEN :

## RETILIATION

97.   .  Plaintiff incorporates the allegations contained in paragraphs

1 thru 41 above

98.  Defendants removal of Plaintiff is retilitary for his exercise of rights

## COUNT TWELVE

126.  Defendant reserves the right to add additional defenses as they

become known throughout discovery in this matter

WHEREFORE, Plantiff requests that this Court:

A. Set this matter for jury trial

B. Award Plaintiff a retroactive rent abatement

C. Award Plaintiff statutory damages available under the Lock-Out Statute

D. Award Plaintiff damages consistant with State and Federal laws pertaining to discrimination in housing

E. Award Plaintiff damages under the Consumer Protection Act

F. Order Defendant to make repairs to Plaintiff premises during pendency of this suit and thereaffter

G. Order Defendant to repair the premises in compliance with all State and Local health and safety ordinances

H. Award Plaintiff actual, consequential, special, statutory and punitive damages against the Defendant

I. Award Plaintiff costs, attorney fees and interests on all money judgements

J. Award any other relief that is just and equitable

**I declare that the statements above are true to the best of my information knowledge and belief**

Date:_____

25

_____

Larry Barber

Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Larry Barber

**DEFENDANTS**
Lily Sasly
and
Robert Salanick

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Monroe
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Larry Barber
1224 Adams St. #2
Monroe, MI. 48161
8173745164

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair housing Act, 42 usc, civil rights act 1968, consumer protection act, michigan handicappers act
Brief description of cause:
DISCRIMINATION

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*:
JUDGE
DOCKET NUMBER

DATE
October 26, 2021

SIGNATURE OF ATTORNEY OF RECORD
*Larry Bab*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1.      Is this a case that has been previously dismissed?        ◯ Yes
                                                                   ◉ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.      Other than stated above, are there any pending or previously
        discontinued or dismissed companion cases in this or any other     ◯ Yes
        court, including state court? (Companion cases are matters in which ◉ No
        it appears substantially similar evidence will be offered or the same
        or related parties are present and the cases arise out of the same
        transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :